UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH WILSON,

    Plaintiff,

CASE NO. 13-CV-12261

v.

HON.   MARK A. GOLDSMITH

VIRGIL C. SMITH,

    Defendant.
_____/

## ORDER OF SUMMARY DISMISSAL

### I.   INTRODUCTION

Plaintiff Kenneth Wilson is a state prisoner at the G. Robert Cotton Correctional Facility in Jackson, Michigan.  He recently filed a notice of removal and a pro se complaint, naming Chief Judge Virgil C. Smith of Wayne County Circuit Court as the defendant.   The Clerk of the Court filed the case as a civil rights action under 42 U.S.C. § 1983.

The Court understands the complaint and notice of removal to allege that, in 2012, Wilson initiated a civil case in Wayne County Circuit Court.  The state complaint asserted that the Circuit Court should have imposed a "civil assessment" following Wilson's conviction, instead of imprisonment.  Because Chief Judge Smith did not respond to Wilson's state complaint, Wilson determined that it was necessary to remove his case from state court to federal court.  He seeks the same relief that he sought in state court and release from custody.

### II.   LEGAL STANDARD

Due to Wilson's indigence, the Court has granted him permission to proceed without prepayment of the fees and costs for this action.   When an indigent prisoner's "civil action seeks

redress from a governmental entity, officer, or employee, the district court must dismiss the complaint, or any portion of the complaint, which (a) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (b) seeks monetary relief from a defendant who is immune from monetary relief." Smith v. Campbell, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A).

A complaint is frivolous if it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). While a complaint need not contain "detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Only a complaint that states a claim for relief which is plausible on its face will survive a motion to dismiss. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "So, to survive scrutiny under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Hill v. Lappin, 630 F.3d. 468, 471 (6th Cir. 2010) (quoting Iqbal, 556 U.S. at 678).

### III.  DISCUSSION

The Court begins its discussion by noting that only a defendant may remove a state court action to a United States district court. See 28 U.S.C. § 1441(a) (stating that, "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division

embracing the place where such action is pending") (emphasis added). Because Wilson was the plaintiff in the state court case, he is not entitled to remove his case to federal court. Guttman v. Silverberg, 374 F. Supp.2d 991, 993 (D.N.M. 2005). And because he did not attach his state complaint to his notice of removal, the state complaint is "not squarely before the Court." Id. at 993 n.1.

Furthermore, Wilson is challenging the state court's judgment of sentence and decision to imprison him. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Absent prior invalidation of Wilson's sentence by state officials, he has not stated a cognizable claim in this civil rights case, because success in this action would necessarily demonstrate the invalidity of his sentence and confinement in prison. Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005). Judge Smith, moreover, enjoys immunity from a suit for injunctive relief. See 42 U.S.C. §1983 (stating that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable").

## IV. CONCLUSION

Wilson's complaint lacks an arguable basis in law and fails to state a plausible claim for which relief may be granted. Accordingly, the complaint is summarily dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). An appeal from this decision would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 445 (1962); McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997).

SO ORDERED.

Dated: July 1, 2013  s/Mark A. Goldsmith
Flint, Michigan  MARK A. GOLDSMITH
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 1, 2013.

s/Deborah J. Goltz
DEBORAH J. GOLTZ
Case Manager